UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-00066-KK-SHKx** | Date: | December 5, 2025 |
| Title: | ***Tracy Butler v. General Insurance Company of America et al.*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                                            None Present

**Proceedings:    (In Chambers) Order to Show Cause Why Sanctions Should Not Be Imposed for Failure to File Post-Mediation Joint Status Report**

On December 3, 2024, plaintiff Tracy Butler ("Plaintiff") initiated the instant action against defendant General Insurance Company of America ("Defendant") by filing a Complaint in Riverside County Superior Court. ECF Docket No. ("Dkt.") 1-2, Ex. B. On January 10, 2025, Defendant removed the action to this Court. Dkt. 1.

On March 4, 2025, the Court issued a Scheduling Order setting November 25, 2025, as the last day to conduct settlement proceedings and February 9, 2026, as the trial date.[1] Dkt. 13. The Court further ordered the parties to file a joint status report regarding the outcome of the November 20, 2025, mediation proceeding within seven days of completion of the proceeding. Id. at 3, dkt. 14.

The parties were, therefore, required to file a joint status report regarding the outcome of the parties' mediation no later than November 27, 2025. However, to date, the Court has not received a joint status report. Thus, the parties are in violation of the Court's March 4, 2025 Order.

The Court has inherent power to impose sanctions for "willful disobedience of a court order." Evon v. Law Offs. of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) (citation

---

[1] The Court's Order referring the matter to private mediation has a typographical error referring to November 20, 2026, rather than November 20, 2025. See Dkt. 14. However, the listed year is a clear typo in light of the deadline for settlement proceedings and trial date set by the Court's Scheduling Order.

modified).  Before imposing sanctions, the Court will afford the parties an opportunity to explain their failure to file a joint status report as directed by the Court's March 4, 2025 Order.

Accordingly, Plaintiff and Defendant are **ORDERED TO SHOW CAUSE** in writing why they should not be sanctioned in the amount of $250.00 each for failing to comply with court orders.  The parties shall have **up to and including December 8, 2025**, to file responses to this Order.  Any party who fails to respond will incur a sanction of $250.00.

**Furthermore, Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.  See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**